FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

ROSAURA M.,

　　　　　Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

　　　　　Defendant.

No. 1:25-CV-03043-JAG

**ORDER REMANDING FOR FURTHER PROCEEDINGS**

**BEFORE THE COURT** is Plaintiff's Opening Brief, the Commissioner's Brief, and Plaintiff's Reply Brief.  ECF Nos. 8, 12, 13.  Attorney D. James Tree represents Rosaura M. (Plaintiff); Special Assistant United States Attorney David Burdett represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline.  ECF No. 2.  After reviewing the administrative record and briefs filed by the parties, the Court OVERTURNS the Administrative Law Judge's (ALJ) decision and REMANDS for further proceedings.

## I.    JURISDICTION

Plaintiff initially filed applications for Disability Insurance Benefits and Supplemental Security Income on August 15, 2019, alleging disability since February 15, 2019, due to a bladder problem, anorectal malformation, PTSD, and diabetes.  Tr. 148.  Plaintiff's claim was denied initially and on reconsideration,

ORDER OVERRULING ALJ'S DECISION - 1

and she requested a hearing before an ALJ.  Tr. 252.  Following an unfavorable decision, the Appeals Council remanded.  Tr. 229-231.  On remand from the Appeals Council, ALJ John Dowling held a hearing on September 23, 2023, at which vocational expert Michelle J. Bishop, and Plaintiff, who was represented by counsel, testified.  Tr. 17-46.  The ALJ denied benefits on October 16, 2023. Tr. 17.  The Appeals Council denied review.  Tr. 1.  The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on March 31, 2025.  ECF No. 1.

## II.    STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here.  Plaintiff was born in 1997 and was 21 years old on the alleged onset date.  Tr. 148.  Plaintiff's past jobs include Customer Service Representative and Bank Teller.  Tr. 29.

## III.    STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the

ORDER OVERRULING ALJ'S DECISION - 2

ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V.    ADMINISTRATIVE FINDINGS

On October 16, 2023, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 17-46.

ORDER OVERRULING ALJ'S DECISION - 3

At *step one*, ALJ Dowling found Plaintiff had not engaged in substantial gainful activity since February 15, 2019.  Tr. 23.

At *step two*, the ALJ found Plaintiff had the severe impairments of depression, post-traumatic stress disorder, and polysubstance use disorder.  Tr. 23.

At *step three*, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  Tr. 24.  The ALJ also found Plaintiff has the residual functional capacity (RFC) to perform work at all exertional levels but with the following non-exertional limitations:

> [W]ork in a low stress job, defined as having only occasional decision-making required and occasional changes in the work setting; occasional interaction with the public; occasional interaction with coworkers; and absent more than one day per month.

Tr 26.

At *step four*, the ALJ found that Plaintiff could not perform past relevant work as a customer service representative or bank teller.  Tr. 29.

At *step five*, the ALJ found that there were no jobs claimant could have performed when including claimant's substance use disorder.  Tr. 30.

The ALJ then reviewed the steps again, this time considering claimant's disabilities if Plaintiff stopped substance use.  Tr. 31.

At *step three*, the ALJ determined Plaintiff would not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  Tr. 24.  The ALJ also found Plaintiff would have the residual functional capacity (RFC) to perform work at all exertional levels but with the following non-exertional limitations:

ORDER OVERRULING ALJ'S DECISION - 4

> [S]he is limited to work in a low stress job, defined as having only occasional decision-making required and occasional changes in the work setting; occasional interaction with the public; and occasional interaction with coworkers.

Tr. 32 – 33.

At *step four*, the ALJ found that Plaintiff would still be unable to perform past relevant work.  Tr. 35

At *step five* the ALJ found that based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, absent substance use Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of Marker, Office Helper, and Routing Clerk.  Tr. 35 – 36.

The ALJ thus concluded substance abuse is a contributing factor material to the determination of disability, so Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision.  Tr. 36.

## VI.    ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends that the ALJ erred by (1) improperly finding that incontinence was not a severe impairment at step two; (2) improperly rejecting Plaintiff's subjective statements; (3) improperly rejecting medical opinions; and (4) improperly finding that substance use was material to the finding of disability.

## VII.    DISCUSSION

Upon review of the record and the ALJ's opinion, the Court finds the ALJ erred by failing to include fecal incontinence at Step Two and consequently

ORDER OVERRULING ALJ'S DECISION - 5

omitting issues arising from incontinence from the RFC. Rather than addressing the remaining assignments of error, the Court remands for addition of incontinence at step two and asks the ALJ readdress the remaining issues while the case is on remand.

The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 404.1522(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted). The impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1521, 416.921. The claimant bears the burden of demonstrating that an impairment is medically determinable and severe. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

The ALJ recognized that Plaintiff demonstrated a medical abnormality related to "chronic bowel and bladder incontinence," but found that the use of stool softeners, Dulcolax, and incontinence supplies caused no more than "minimal vocationally relevant limitations." Tr. 24. Managing symptoms differs from preventing incontinence. Although the use of diapers or similar type devices may be the only 100% effective "treatment" for fecal incontinence, the ALJ overly minimized the workplace effects of uncontrollable loss of bowel control during a work shift. Fecal incontinence requires a person to clean up and change out the incontinence supplies whenever they are utilized, which could be multiple times

ORDER OVERRULING ALJ'S DECISION - 6

per shift.  Further, workplaces with customers or coworkers in close proximity would understandably shy away from hiring a worker suffering from fecal incontinence.  Upon review, the ALJ shall consider the full breadth of consequences of fecal incontinence and include any limitations, such as frequent and prolonged unplanned breaks, in the RFC presented to a vocational expert.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met).  This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401.  But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court denies Plaintiff's request for an immediate award of benefits.  In this case, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated.  Further proceedings are necessary for the ALJ to determine whether addition of incontinence at step 2 alters the RFC to the point of a finding of disability.  Remand will further allow the ALJ to reassess the medical opinions in the record and properly consider Plaintiff's symptom statements.  Additionally, the ALJ will supplement the record with any

ORDER OVERRULING ALJ'S DECISION - 7

outstanding evidence and call a vocational expert to testify at a remand hearing to consider the new RFC.

### VIII.   CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error. Accordingly, **IT IS ORDERED**:

1.    Plaintiff's request to overrule the ALJ's decision and remand for benefits, **ECF No. 8,** is **GRANTED in part, DENIED in part**.

2.    Defendant's request to affirm the decision of the ALJ, **ECF No. 12**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED March 30, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER OVERRULING ALJ'S DECISION - 8